Tbe opinion of tbe Court was delivered by
Guoyer, J.
Tbe petitioners were arrested on civil process, October 30, 1857, and gave bonds for tbe prison rules tbe same day. On tbe 7tb and'8tb December, 1857, they filed tbeir petitions and schedules, but the notice summoning creditors was not published until tbe 27th July, 1858. .At tbe November term of the Court for Kershaw District, 1858, a motion was made before Wbitner, J., to discharge tbe petitioners, which was granted.
Tbe creditors have appealed, and move to reverse the order made on Circuit, “ because bis Honor erred in bolding that tbe neglect of tbe petitioners to give the three months’ notice to creditors, as required by tbe statute, in time for tbe *521 succeeding term of tbe Court, after tbe filing of tbeir petitions and schedules, did not preclude them from tbe benefit of tbe Act, though the petitioners had sufficient time for giving the said notice before the sitting of the succeeding term of the Court.”
The 1st Section of the Act of 1759 (4 Stat. 86) provides, that if any person shall be arrested for any debt, etc., it may be lawful for him to exhibit his petition, etc., “ and upon such petition the Court may, and is hereby required, by order or rule, to cause the petitioner to be brought before them, and as well the creditors at whose suit such person or persons shall stand charged, as all other the creditors to whom he, she, or they shall be indebted, to be summoned by public notice, to be given three months at least in one or other of the gazettes,” etc.
The Act does not require that the notice shall be published immediately after the filing of the petition and schedule, or "in time for the next succeeding term,” although three months may intervene, nor at any definite time afterwards. The intention is, that before the discharge of the prisoner, ample time shall be, given to the creditors to resist his petition. The Legislature did not suppose that a prisoner either within the prison or the prison-rules, would voluntarily submit to confinement by neglecting, at the earliest period, to pursue the mode prescribed for his release. Such indifference to personal liberty would be a reproach to a freeman, and where delay ensues, we may readily conclude that a reasonable excuse can be given. These prisoners excuse their delay on the ground that they believed that the duty to summon creditors by a published notice devolved on the Clerk of the Court, and the language of the section referred to furnishes foundation for such belief. The Court is required to cause the petitioner to be brought before them, and the creditors to be summoned by public notice. This direction mav not be so explicit as that which is given in the 4th *522 section of the Prison Bounds Act of 1788, (5 Stat. 78,) which expressly requires the Clerk to give the notice within ten days; but if a doubt may be entertained in respect to the person on whom the law imposes the duty of giving notice, under the Act of 1759, we would resolve it in favor of prisoners, and hold that their mistaken interpretation of the words is a sufficient excuse for the delay. The clerk could not have been ignorant when the petitions were filed that the prisoners sought the benefit of the Insolvent Debtors’ Act, as no petition is required preparatory to a discharge under the Prison Bounds Act. Whether the delay ensued from the neglect of the clerk, or from the mistake of the prisoners, the order made on Circuit was proper, and the motion is dismissed.
A second ground of appeal .is appended to the notice:
“ Because his Honor erred in holding that such neglect to give the required notice was not a forfeiture of the prison bounds bonds given by the petitioners, though there was made no showing, accounting for the delay.”
■ It does not appear from the report that the Judge expressed such views, and the case does not demand the expression of ^ opinion by this Court, in advance, respecting those .acts which may be considered breaches of the conditions of prison bounds bonds.
Motion dismissed.
O’Neall, Wardlaw, Withers, and' WhitNer, JJ., con curred.

Motion dismissed.